J-S20026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN BOOKER | : | |
| | : | |
| Appellant | : | No. 943 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 7, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0000628-2021.

BEFORE: DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED JUNE 21, 2023**

In this *pro se* direct appeal, John Booker appeals from the judgment of sentence imposed after he was convicted of violating of one count of person not to possess a firearm.[1] He raises a claim that trial counsel was ineffective for failing to file a suppression motion. Because we agree with the trial court that this claim must await collateral review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105. Booker was also charged with additional firearm violations under sections 6106 and 6108. After hearing evidence that the firearm at issue was inoperable, however, the trial court granted Booker's motion for judgment of acquittal as to these two charges but denied the motion as to section 6105. The trial court correctly noted that "unlike sections 6106 and 6108, section 6105 does not require 'operability' as an element of the crime." Trial Court Opinion, 6/29/22 at 2 n.5 (citing ***Commonwealth v. Batty***, 169 A.3d 70 (Pa. Super. 2017)).

The trial court summarized the pertinent facts as follows:

Philadelphia Police Officer, Matthew Ibbotson (Officer Ibbotson,) testified at trial that on the evening of November 17, 2020, around 9:20 p.m., while patrolling the 1900 block of West Cambria Street, he observed [Booker] emerging from an alleyway. [Booker] stopped, "started patting himself down," and said he "was just pissing." Officer Ibbotson immediately saw that [Booker] had a gun inside his right jacket pocket, which Officer Ibbotson retrieved, discovered was loaded, and placed on [a] property receipt. [The Commonwealth presented footage from the officer's body camera as a trial exhibit.]

[Booker] advised Officer Ibbotson that he had "just found [the gun] in the alleyway." When Officer Ibbotson asked what he intended to do with the gun, [Booker] responded "nothing." Following his arrest, [Booker] asked whether he could lock the door to the home at 2855 North Garnet Street, which shared the alleyway from which [Booker] emerged with the gun. At [Booker's] behest, Officer Ibbotson locked the front door of the premises. [Detective Richard Pacell testified that he and his partner took a recorded statement from Booker following his arrest and the Commonwealth presented the recording at trial.]

Officer Daniel Cha (Officer Cha), who is assigned to the Philadelphia Police Department's Firearms Identification Unit, testified that the gun recovered from [Booker] was a Sterling semiautomatic handgun. Upon testing, the gun was "found to be inoperable due to a broken firing pin."

[Booker] also testified. He claimed that he lived at 2855 North Garnet Street, which is owned by his grandmother (Gwendolyn Johns) and uncle (Terrell Johns). [Booker] testified that everybody residing at the residence – except him – had been infected with COVID. On the day/evening of his arrest, [Booker] had been cleaning and disinfecting the home with the help of hired personnel. At some point [Booker] took the trash out the back door, locked himself out of the back entrance, and had to "relieve himself" while in the alleyway behind the home. After relieving himself, [Booker] proceeded to exit the alleyway and inadvertently kicked a gun lying on the ground. He retrieved the gun and placed it inside his pocket.

Upon exiting the alleyway, [Booker] saw Officer Ibbotson in his patrol car. Officer Ibbotson asked [Booker] what he was doing. [Booker] responded that he "was pissing." Officer Ibbotson then exited his patrol car, and [Booker] pulled out his wallet and placed his hands in the air. Officer Ibbotson conducted a pat down and "found the firearm that [Booker] had just recovered in the alleyway." [Booker] testified that he cooperated with Officer Ibbotson and advised him that he found the gun in the alleyway.

[Booker] further testified that he informed the investigating detectives that he found the firearm while taking out the trash from 2855 North Garnet Street. [Booker] testified that he was locked outside the rear of his home and therefore was walking down the alleyway to get around to the front of the property. [Booker] claimed he had no intention of keeping the gun and intended to give it to his next-door neighbor, who is his former attorney. According to [Booker] he intended to stop at his neighbor's home and give him the gun. Although [Booker] knew he was not permitted to possess a firearm, he retrieved the gun anyway because he did not want kids accessing it and/or someone getting injured.

Trial Court Opinion, 6/29/22, at 1-3 (footnotes, citations, and some quotation marks omitted).

At the conclusion of a waiver trial, the court took the matter under advisement. On December 20, 2021, the trial court found Booker guilty of possessing a firearm in violation of 18 Pa.C.S.A. § 6105. On March 7, 2022, the trial court sentenced Booker to an aggregate term of two to four years of imprisonment.

Booker filed a timely *pro se* appeal, which was docketed at No. 943 EDA 2022. Trial counsel, who was only retained to represent Booker at trial, also filed a notice of appeal on Booker's behalf which was docketed at No. 1035

EDA 2022. Thereafter, trial counsel filed in this Court applications to withdraw at both docket numbers. We granted trial counsel's applications to withdraw and instructed the trial court to determine whether Booker was eligible for court-appointed counsel. On May 26, 2022, the trial court entered an order appointing new counsel to represent Booker at No. 943 EDA 2022.

On June 13, 2022, counsel filed a Pa.R.A.P. 1925(b) statement with the trial court, and the trial court filed its Rule 1925(a) opinion on June 29, 2022. After receiving several *pro se* documents from Booker, however, this Court, by order entered October 21, 2022, remanded the appeal for the trial court to conduct a **Grazier**[2] hearing. The trial court held the hearing and at its conclusion permitted Booker to proceed *pro se*.

On December 16, 2022, Booker filed a *pro se* brief. After considering an earlier filed *pro se* document from Booker, by order entered January 30, 2023, we remanded the certified record to the trial court so that Booker could file a supplemental Rule 1925(b) statement and the court could then file a Rule 1925(a) opinion addressing the claims raised in the supplemental statement. This Court further ordered that the *pro se* brief Booker had already filed to be stricken, and that the briefing schedule would be vacated pending the return of the certified record to this Court. Thereafter, Booker and the

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

trial court complied with this Court's directives, the parties filed briefs, and the appeal is ready for disposition.[3]

We cite verbatim the claim put forth by Booker in his supplemental Rule 1925(b) statement:

> Trial counsel was ineffective for failing to pursue a motion of suppression against the submission of the firearm in question and [Booker's] statement[s] to police prior to trial, due to the illegality of Officer Matthew Ibbotson's search of [Booker]; based upon lack of probable cause to "stop," approach and search [Booker], due to the officer's testimony that there was no report of criminal activity in the area and [Booker] was not considered a suspect, at the time the officer decided to stop as [Booker] was leaving an alley and had stopped, and began patting himself in search of his wallet; as the officer approached [Booker] and demanded that [Booker] turn around to be patted down; because the officer assumed that [Booker] had possession of an unseen firearm . . . merely based upon an impression of [Booker's] jacket pocket.

Booker's Supplemental Rule 1925(b) Statement, at 1.[4]

As noted above, Booker is attempting to raise a claim of trial counsel's ineffectiveness on direct appeal. Our Supreme Court has held that, as a general rule, claims of ineffective assistance of counsel must await collateral review under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-

---

[3] Ultimately, this Court dismissed as duplicative the appeal docketed at No. 1035 EDA 2022.

[4] In his appellate brief filed on March 30, 2023, Booker raised four different issues, including a mistaken claim that our previous remand was due to the ineffectiveness of counsel. As none of these claims were raised in Booker's supplemental Rule 1925(b) statement, they are waived, and we will not consider them further. *See* Pa.R.A.P. 1925(b)(4)(vii).

46. *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). The *Holmes* Court recognized two exceptions to the general rule whereby claims of ineffective assistance of counsel may be raised and addressed on direct appeal "both falling within the discretion" of the trial court: (1) there are extraordinary circumstances in which trial counsel's "ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serve the interests of justice" or (2) "there is good cause shown" and the defendant knowingly and expressly waives his entitled to seek subsequent PCRA review of his conviction and sentence." *Holmes*, 79 A.3d 563-64. Subsequently, our Supreme Court recognized an additional exception permitting courts "to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018).

Here, we agree with the trial court's conclusion that Booker's ineffectiveness claim does not meet either exception recognized in *Holmes*:

> [The trial court] does not find [Booker's] claim to be meritorious and apparent from the record to require immediate consideration. Nor does [Booker] allege any "good cause" for seeking unitary review of his ineffectiveness claim, much less express any intention of waiving collateral review. As such, neither of the exceptions set forth in *Holmes* is applicable here. Accordingly, the instant claim is unreviewable at this stage.

Supplemental Trial Court Opinion, 3/10/23, at 4 (citations omitted).

Additionally, although not addressed by the trial court, Booker's ineffectiveness claim is not reviewable under the *Delgros* exception, because

unlike Delgros who was only sentenced to pay a fine, Booker was sentenced to a term of incarceration. He is, therefore, eligible for post-conviction review. Thus, we affirm Booker's judgment of sentence without prejudice to his ability to raise the claim in a PCRA petition.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2023